**WYNNE, Supervisor of Permits, et al. v. UNION CITY BREWING CO., Inc.**

No. 4856.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1932.

Edward C. Dougherty and Joseph Millenson, Sp. Assts. to Atty. Gen., Phillip Forman, U. S. Atty., of Trenton, N. J., and R. H. Woolsey, of Philadelphia, Pa., for appellants.

Harold Simandl, of Newark, N. J., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

Two permits of the Union City Brewing Company, one for 1931 and the other for 1932, were involved in this and a companion case below, and are here involved on appeal. The companion case on appeal [(C. C. A.) 59 F.(2d) 733], was set down to follow the disposition of Wynne, Supervisor, v. Harrison Beverage Company (C. C. A.) 59 F.(2d) 734. The questions in both cases were admittedly moot. The only question concerned the form of disposition—whether a reversal of the decrees below directing dismissal of the bills and consequent reinstatement of the supervisor's decisions against the permits, or a dismissal of the appeals without prejudice as in Wynne v. Pancheri (C. C. A.) 54 F.(2d) 73, or a plain dismissal without qualification, drawing in their train the theory of estoppel by judgment. The court ordered a dismissal without the qualifying words of the Pancheri Case.

These cases had to do with 1931 permits. We now come, in this case, to a review of the Union City Brewing Company's application for a permit for 1932, where it is conceded that practically all the evidence directed to this application was the evidence which was introduced and adjudged in the case of its 1931 application, and it is urged that the additional evidence as to the 1932 application is insufficient.

The facts adjudged in the case of the 1931 application cannot be used to sustain the supervisor's decision in the case of the application for a 1932 permit. With these facts

out, there is nothing substantial left to sustain the supervisor's action.

Accordingly, the decree of the District Court must be affirmed.